### J. H. LINDENBERGER ET AL *v.* DAVID HURLBURT ET AL.

**Leases—Lodged for Record—Constructive Notice.**

Where a lease has been lodged for record, in th proper office, and the taxes paid, it will, for the purposes of constructive notice, be treated as recorded.

**Fraud and Forgery—Presumption—Proof—Evidence.**

Fraud or forgery cannot be presumed or assumed without proof, but the existence of one or both may be established by competent evidence, as other facts are established.

**Instructions—Fraud or Forgery.**

An instruction, "That fraud or forgery is not to be presumed but must be proved," where qualified by the proof of what was said and admitted as evidence on the issue of fraud, and the whole of which was before the jury, would not so lead them to understand that forgery must be proved by positive and direct testimony; and could not be inferred from the proof of facts.

APPEAL FROM BARREN CIRCUIT COURT.

October 2, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The first question raised by appellants' counsel is as to the propriety of the ruling of the court below in refusing an instruction asked by appellants to the effect that the lease from Wilkerson to Hurlburt conferred no right upon appellees to maintain this

action, and *Section* 15, *chapter* 24, 1 *R. S.* 280-1, is relied upon
to sustain that position.   As it is insisted that there is no proof
that appellees' lease was *"lodged for record,"* and recorded prior
to the execution of the lease to appellants by Wilkerson the lessor
of both parties.   A sufficient answer to that objection is found in
*Sec.* 24 of the same *chapter, Ibd.* 283, which makes it the duty of
the clerk of each county court to record all instruments in writing
embraced in any *section* of said *chapter* which shall be lodged for
record properly certified.   *Or which shall be acknowledged,* or
proved before him as required by law.   The lease of appellees was
acknowledged before the clerk of the county court in which the
land was located, after which the law made it his duty to record
it without special or further directions from either party, especi-
ally as the tax was paid and for all purposes of constructive notice,
it must be treated as recorded.   In the next place, it is insisted
that the court below erred in refusing to let Wilkerson, the lessor,
testify in behalf of appellants.   In his lease to them, he covenants
to kep them in quiet possssion of the premises for the term for
which they were leased which was thirty-five years.   The lease to
appellees contains no such covenant, consequently his interest was
not equipoised, but preponderated in favor of appellants who
offered him as witness, indeed it is not very certain whether the
judgment of proceedings in this case might not be evidence gainst
him in an action by appellants against him for a breach of his
warranty to keep them in quiet possession, but whether that be so
or not, he had a direct interest on the side for which he was offered
to testify, and was therefore incompetent.

There remains but one other objection to the judgment deemed
necessary to be noticed, and that is to instruction No. 2, which
is as follows:   "That fraud or forgery is not to be presumed, but
must be proved."   If by that instruction the jury were to under-
stand that fraud, or forgery must be proved by direct and positive
testimony, and could not be *inferred* from the proof of facts, and
circumstances usually, or universally attendant on their commis-
sion, or as any other facts may be established, the instruction would
be misleading, and erroneous.   But we do not so understand the
instruction, and do not suppose the jury so understood it.   The
proof of what Hurlburt said to young Wilkerson and others was
admitted as evidence on the issue of fraud, and the whole of that
evidence was before the jury.   Hence the meaning and scope of

said instruction is, and must have been so understood by the jury, that fraud or forgery cannot be presumed, or assumed without proof, but the existence of one or both may be established as other facts are established by competent evidence. And so understood, it could not be objectionable.

For the reasons already stated the third instruction asked by appellants should not have been given.

Wherefore, the judgment is affirmed.

*Harlan & Harlan, for appellants.*

*Underwood, for appellees.*